UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,

                       Plaintiff,

v.                                           Case No. 22-cv-1366-pp

JORDAN TAYLOR, *et al.*,

                       Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS (DKT. NO. 31), DISMISSING CASE AND DENYING PLAINTIFF'S AFFIDAVIT OF THE TRUTH FOR DEFAULT JUDGMENT (DKT. NO. 40)**

On February 28, 2024, the defendants filed a motion for sanctions, asking the court to dismiss this case with prejudice. Dkt. No. 31 at 1. The defendants contend that dismissal is warranted due to the plaintiff's record of delay and lack of cooperation in discovery, as well as his failure to obey a court order. Id. at 7. On April 4, 2024, the court ordered that by April 19, 2024, the plaintiff must file a written document showing cause why the court should not dismiss the case for the plaintiff's failure to cooperate with discovery and his failure to comply with the court's order. Dkt. No. 37 at 2. The court ordered that if it did not receive the plaintiff's response by April 19, 2024, it would grant the defendants' motion and dismiss the case. Id.

On April 15, 2024, the court received a letter from the plaintiff updating his address. Dkt. No. 38. The plaintiff also stated that he had not received mail at his previous address and he asked that counsel send him a copy of case filings from February and March 2024. Id. In response to the plaintiff's filing,

1

the court sent him copies of all case filings from February and March 2024, and gave him an extension of time until May 15, 2024 to respond to the defendants' motion for sanctions. Dkt. No. 39.

The plaintiff has not filed a response to the defendants' motion for sanctions. Instead, on May 13, 2024, the court received from the plaintiff a document titled "Affidavit of the Truth for Default Judgement [sic]." Dkt. No. 40. The court will construe this document as a request for default. The plaintiff states that the defendants' answer to the complaint was due on August 9 or August 10, 2023, but that the defendants "failed to appear, plead or otherwise defend within the time allowed and, therefor, is [sic] now in default. Id. at 2. However, the defendants *did* file an answer to the complaint on August 10, 2023. Dkt. No. 18. Because the defendants timely filed a responsive pleading, the court will not grant default and will deny the plaintiff's Affidavit of the Truth for Default Judgment. Because the plaintiff did not respond to the defendants' motion for sanctions by the deadline set by the court, the court will grant the defendants' motion for sanctions and will dismiss this case with prejudice.

The court **GRANTS** the defendants' motion for sanctions. Dkt. No. 31.

The court **DENIES** the plaintiff's Affidavit of the Truth for Default Judgment. Dkt. No. 40.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

3

Case 2:22-cv-01366-PP   Filed 06/28/24   Page 3 of 4   Document 42

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of June, 2024.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **Chief United States District Judge**