UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYRIS T. BIRKLEY,

                Plaintiff,

   v.                                   Case No. 22-cv-1366-pp
                                       Appeal No. 24-2175

JORDAN TAYLOR, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL
WITHOUT PREPAYING FILING FEE (DKT. NO. 47)**

---

On June 28, 2024, this court granted the defendants' motion for sanctions, dismissed this case and entered judgment against the plaintiff. Dkt. Nos. 42, 43. Eleven days later, the plaintiff filed a notice of appeal and a motion for leave to appeal without prepaying the appellate filing fee. Dkt. Nos. 45, 47. The plaintiff was incarcerated at the Milwaukee County Jail when he filed the complaint, but is no longer incarcerated.

The Federal Rules of Appellate Procedure allow a party in a district court case who wants to appeal without prepaying the appellate filing fee to file a motion with an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). If the district court allowed the party to proceed without prepaying the filing fee, the party may appeal without prepaying the filing fee unless the district court certifies that the party has not appealed in good faith or that the party is not

1

otherwise entitled to proceed without prepaying the filing fee. Fed. R. App. P. 24(a)(3).

The threshold for proceeding without prepaying the filing fee on appeal is low. This court granted the plaintiff leave to proceed without prepaying the filing fee at the district court level. Dkt. No. 14. That means that the plaintiff may proceed on appeal without prepaying the filing fee unless the court certifies that the appeal is taken in bad faith. An appeal is taken in bad faith when no reasonable person could suppose that the claim has merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The plaintiff failed to respond to the defendants' motion for sanctions despite the court providing him with multiple opportunities and warning him that failure to respond would result in the court granting the defendants' motion and dismissing the case. Dkt. Nos. 37, 39. While the court granted the defendants' motions for sanctions and dismissed the case, it will not certify that the plaintiff is proceeding in bad faith.

The court **GRANTS** the plaintiff's motion for leave to appeal without prepaying the appellate filing fee. Dkt. No. 47.

Dated in Milwaukee, Wisconsin this 26th day of July, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

2